

Opinions of the United
States Court of Appeals
for the Third Circuit

7-16-2004

# Zheng v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3237

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Zheng v. Atty Gen USA" (2004). *2004 Decisions.* Paper 493.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/493

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case. No: 03-3237

WEI ZHENG,
        Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES
        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(No. A73 648 145)

_____

Submitted Pursuant to Third Circuit LAR 34.1
June 18, 2004

Before: Alito, Smith, and Wallace, *Circuit Judges*[*]

(Filed: July 16, 2004)

_____

OPINION OF THE COURT

_____

WALLACE, *Senior Circuit Judge.*

---

[*] The Honorable J. Clifford Wallace, Senior United States Circuit Judge for
the Ninth Circuit, sitting by designation.

Wei Zheng, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' (Board) final removal order affirming the denial of his application for asylum and withholding of removal. The Board exercised jurisdiction pursuant to 8 C.F.R. § 3.1(b)(3) (2002) (now codified at 8 C.F.R. § 1003.1(b)(3)), and we have jurisdiction over Zheng's timely filed petition pursuant to 8 U.S.C. § 1252(a)(1).

The Board held that Zheng has not established "a well-founded fear of future persecution on account of . . . religion," Miah v. Ashcroft, 346 F.3d 434, 438 (3d Cir. 2003), quoting 8 U.S.C. § 1102(a)(42)(A), because he has not shown that public security officials would single him out for ill-treatment due to his activities in a Chinese Christian congregation. Although the Board found the IJ's adverse credibility determination to be unsupported by the record, it rejected Zheng's claim because his testimony and lack of corroborating evidence at the deportation hearing did not meet the requisite burden of proof. This assessment of Zheng's persecution claim is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Lukwago v. Ashcroft, 329 F.3d 157, 167 (3d Cir. 2003), quoting 8 U.S.C. § 1252(b)(4)(B). Since the record does not compel a conclusion that Zheng has a well-founded fear of future persecution or any other valid claim to relief, we deny his petition for review.

2

Zheng testified that public security officials interrupted and disbanded a Christian meeting he attended and arrested the congregation's pastor. Several days later, Zheng allegedly gathered contributions from his fellow parishioners and negotiated for the pastor's release through a third party. Zheng expresses concern that police might subject him to future persecution due to the prominent role he played in freeing the pastor. The Board correctly determined, however, that this fear was objectively unreasonable given Zheng's admission that the congregation resumed regular worship services after the pastor's release without suffering any fresh reprisals from Chinese authorities. See id. at 175 (recognizing that the term "well-founded fear" requires "objective evidence that persecution is a reasonable possibility").

Zheng contends that his fear of future persecution is well-founded in light of a police assault on his father. The assault allegedly occurred during a community-wide search for Falun Gong members when investigators sought to ascertain "whether or not such a person might be hiding in [Zheng's father's] house." After Zheng's father declined to reveal the whereabouts of his missing son, the investigating officers "just started beating him up." Although this episode illustrates public security officials' religious intolerance and brutality, it does not clearly establish that they knew of Zheng's Christian religious activities, nor does

3

it prove that they would likely persecute Zheng as a Christian following his removal to China. Thus, Zheng's testimony concerning his father's injuries does not establish a well-founded fear of future persecution as required to qualify for asylum and withholding of deportation. See Zubeda v. Ashcroft, 333 F.3d 463, 469-70 (3d Cir. 2003) ("[I]f an alien fails to establish the well-founded fear of persecution required for a grant of asylum, he or she will, by definition, have failed to establish the clear probability of persecution required for withholding of deportation.").

Zheng also argues that the Board violated his due process rights by rejecting his persecution claims without affording him an opportunity to explain why he did not provide additional evidence corroborating his testimony. In Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001), we explained that "due process requires three things" in the context of deportation proceedings. "An alien: (1) is entitled to factfinding based on the record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his or her interests." Id. (internal citations, quotation marks, and brackets omitted). Here Zheng "does not contend that the decision to exclude him was based on evidence that was kept secret from him, or that he was prevented from making his case to

4

the [Board] or the IJ." Id. Neither does he dispute that the Board made "an individualized determination of his . . . interests." Id. Thus, we are satisfied that the Board afforded Zheng an adequate "opportunity to be heard at a meaningful time and in a meaningful manner," which is all the process to which he was entitled under the Fifth Amendment.

PETITION DENIED.